## . SUPREME COURT — SPECIAL TERM — CLINTON COUNTY.

January, 1924.

## THE PEOPLE EX REL. LEO JOHN LEWIS v. HARRY M. KAISER.

(122 Misc. 243.)

HABEAS CORPUS—RELATOR TRANSFERRED FROM REFORMATORY TO STATE PRISON AS INCORRIGIBLE—CONFINEMENT FOR INDETERMINATE TERM PURSUANT TO PRISON LAW, SECTION 296—WHEN WRIT OF HABEAS CORPUS WILL BE DISMISSED.

When a prisoner in the Elmira Reformatory has been duly transferred to the state prison at Auburn on the ground that he is incorrigible his confinement in the prison is, under section 296 of the Prison Law, for an indeterminate term commencing with his imprisonment in the reformatory with a minimum of a year and a maximum fixed by law for the crime of which he was convicted and sentenced and he may be released on parole or absolutely discharged as are other prisoners confined under an indeterminate sentence.

As relator may be returned at any time to the reformatory in the discretion of the superintendent of state prisons, and with the consent of the board of managers of the reformatory, a writ of habeas corpus to obtain his release will be dismissed and he remanded.

HABEAS CORPUS.

*Carl Sherman*, Attorney-General (*Harry P. Kehoe*, Deputy Attorney-General, of counsel), for respondent.

CRAPSER, J.:

The relator herein is before the court upon a writ of habeas corpus. He was sentenced to the New York State Reformatory at Elmira, therein to be dealt with according to law.

Subsequent thereto the board of managers of Elmira Reformatory presented a petition to the Supreme Court asking for an order transferring the relator from Elmira Reformatory

to the state prison at Auburn, on the grounds that he was incorrigible. The order was duly made by the judge transferring the relator to Auburn prison.

The question now arises, what is the sentence of a prisoner having in the first instance been sentenced to a state reformatory when he is afterwards transferred to a state's prison? The answer to this question is found in section 296 of the Prison Law, entitled " transfer of prisoners to state prisons," which is a follows: -

" If it shall appear to the state board of managers that said reformatories are overcrowded or that any prisoner confined in either of said reformatories,

" 1. Was, at the time of his conviction, more than thirty years of age; or

" 2. Has been previously convicted of a felony; or

" 3. While in the reformatory, is incorrigible and that his presence therein is seriously detrimental to the welfare of the institution; an application may be made to a justice of the Supreme Court of the judicial district in which such reformatory is located, for an order transferring the prisoner named therein to a state prison. Such application shall be by written petition signed by the president or secretary of the board and shall state the causes for seeking such transfer and due notice of such application with a copy of the petition shall be served personally or by mail at least eight days before the hearing on the superintendent of state prisons, who shall specify the institution to which such prisoner shall be transferred, in case the order shall be made. Such justice shall grant such order of transfer, on such hearing as he may prescribe, if it appears to his satisfaction that the facts alleged are true and that such transfer should be made. A prisoner so transferred shall be confined in such institution as under an indeterminate sentence, commencing with his imprisonment in the reformatory with a minimum of one year and a maximum fixed by law for the crime of which the prisoner was convicted and sentenced; and

may be released on parole or absolutely discharged as are other prisoners confined under an indeterminate sentence. Such prisoner may be returned at any time to the reformatory in the discretion of the superintendent of State prisons, and with the consent of the said board of managers."

The writ of the relator must be dismissed and the relator must be remanded to the custody of the warden of Clinton prison.

Order must be submitted accordingly.

Ordered accordingly.